**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3201

_____

Pamela J. Heintzelman,                 *
                                       *
          Appellant,                   *
                                       *   Appeal   from   the   United   States
District                               
     v.                                *   Court for the Eastern District of
Missouri.                              
                                       *
Marvin Runyon, Postmaster General;     *               [PUBLISHED]
Joseph Fagan, Postmaster; Michael      *
Chirco, Supervisor                     *
                                       *
          Appellees.                   *

_____

Submitted: May 21, 1997
Filed: July 23, 1997

_____

Before BEAM, FRIEDMAN,[1] and LOKEN, Circuit Judges

_____

PER CURIAM.

In this employment discrimination case, the district court[2] granted judgment as a matter of law against Pamela Heintzelman on her disability discrimination claims and

---

[1]The Honorable Daniel M. Friedman, Circuit Judge for the United States Court of Appeals for the Federal Circuit, sitting by designation.

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

denied her motion for a new trial after a jury found against her on her gender discrimination claims. We affirm.

## I.  BACKGROUND

Heintzelman, a letter carrier with the St. Peters, Missouri, Post Office, suffered an on-the-job back injury. For the next year, she performed only light duty, worked reduced hours or was off work altogether. While on disability leave, Heintzelman continued to draw her salary. During this time, Postal Investigators videotaped Heintzelman traveling to and participating in five dog shows in four states. On the tapes Heintzelman can be seen bending and stooping, running, standing for long periods, and doing a victory dance after her dog performed well. Post Office supervisors reviewed the tapes, concluded that Heintzelman had misrepresented her ability to work, and discharged her. Heintzelman sued, alleging that her discharge violated Title VII, the Americans with Disabilities Act (ADA), the Rehabilitation Act and the Missouri Human Rights Act (MHRA).

Heintzelman's claims were tried to a jury. At the conclusion of the evidence, the district court granted Runyon's[3] motion for judgment as a matter of law (JAML) on the disability claims because Heintzelman had not established that she suffered a disability. The jury returned a defense verdict on the remaining claims, and the district court denied Heintzelman's motion for a new trial. Heintzelman appeals.

## II.  DISCUSSION

Heintzelman asserts that the district court erred in granting JAML on her disability discrimination claims. We review a court's grant of JAML de novo, using the same standards as the trial court. <u>Wood v. Minnesota Mining and Mfg. Co.</u>, 112 F.3d

---

[3]The other defendants were dismissed before trial. That ruling is not appealed.

306, 309 (8th Cir. 1997).  JAML may be granted when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue."  Fed. R. Civ. P. 50(a)(1).  In this case, the district court concluded that Heintzelman had not established that she was statutorily disabled, a predicate to recovery under the ADA, the Rehabilitation Act and the MHRA.[4]  To prove she was disabled, Heintzelman had to present evidence that her physical impairment substantially limited one or more of her major life activities.  Aucutt v. Six Flags Over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996) (angina, high blood pressure and coronary artery disease are not disabilities unless they limit major life activities).  This she failed to do.

Heintzelman claims that she is limited in the major life activities of walking, bending, twisting and sitting for long periods of time. However, these complaints are graphically belied by the videotapes showing Heintzelman engaging in several of these acts while at the dog shows.  No reasonable jury could credit Heintzelman's assertions after viewing the tapes.

Alternatively, Heintzelman argues that she was substantially limited in the life activity of working.  She points to the work restrictions prescribed by her doctor as evidence for this claim.  However, that recommendation contemplates Heintzelman's eventual return to her normal duties.  Statutory disability requires permanent or long-term limitations. 29 C.F.R. app. § 1630.2(j) ("temporary, non-chronic impairments of short duration, with little or no long term or permanent impact, are usually not disabilities").  Heintzelman's asserted inability to work while recovering from surgery

---

[4]All three statutes analyze disability in the same way.  Compare 29 U.S.C. § 706(7) (Rehabilitation Act) with 42 U.S.C. § 12102(2) (ADA) and Mo. Rev. Stat. § 213.010(10) (MHRA).  See also Allison v. Department of Corrections, 94 F.3d 494, 497 (8th Cir. 1996) (analysis under ADA and Rehabilitation Act is "interchangeable.") and Sedalia #200 Sch. Dist. v. Missouri Comm'n. on Human Rights, 843 S.W.2d 928, 930 (Mo. App. 1992) (federal discrimination law may guide MHRA claims).

is simply not evidence of a permanent impairment. <u>McDonald v. Pennsylvania Dep't of Public Welfare</u>, 62 F.3d 92, 96-97 (3d Cir. 1995) (recuperation after abdominal surgery not disability); <u>Evans v. City of Dallas</u>, 861 F.2d 846, 852-53 (5th Cir. 1988) (knee injury that required surgery not disability).

Furthermore, to be deemed limited in the activity of working, Heintzelman must establish that she was unable "to perform either a class of jobs or a broad range of jobs in various classes." 29 C.F.R. § 1630.2(j)(3)(i). Heintzelman made no such showing, and, in fact, testified that she obtained a new job sorting mail two weeks after her termination. This testimony establishes that Heintzelman's impairment in "working" was of a limited duration. Since Heintzelman failed to present legally sufficient evidence that she was disabled,[5] the district court correctly granted JAML on these claims.

We have examined the remainder of Heintzelman's arguments and find them to be without merit.

## III. CONCLUSION

The district court's grant of JAML and denial of the motion for a new trial are affirmed.

A true copy.

ATTEST:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[5]We express no opinion on whether Heintzelman qualifies as disabled based on a perceived impairment, because that issue was not argued on appeal.