# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1189

_____

Gavin Gutridge,       *
      *
      Appellant,       *
      *
      v.       *
      *    Appeal from the United States
Wayne Clure, as president of       *    District Court for the
Computerland, Individually; Midland       *    District of Nebraska.
Computer, Inc., doing business as       *
Computerland of Nebraska, also       *
known as Computerland,       *
      *
      Appellees.       *

_____

Submitted: June 12, 1998
Filed: August 26, 1998

_____

Before BOWMAN, Chief Judge, LOKEN, Circuit Judge, and MAGNUSON,[1] District
     Judge.

_____

BOWMAN, Chief Judge.

Gavin Gutridge sued Midland Computer, Inc., doing business as Computerland
of Nebraska, and its president, Wayne Clure (hereinafter collectively referred to as

---

[1]The Honorable Paul A. Magnuson, Chief Judge, United States District Court for
the District of Minnesota, sitting by designation.

"Computerland"), for discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101 to 12213 (1994). Both parties moved for summary judgment. The District Court[2] granted Computerland's motion, denied Gutridge's motion, and dismissed the suit with prejudice. Gutridge appeals, claiming that the District Court erred in finding that he was not disabled under the ADA.

I.

Computerland sells computers and related products to businesses and provides maintenance for those computer products almost exclusively at the customer's place of business, or on-site. Computerland hired Gutridge as a computer service technician in October 1990. Gutridge's duties included the installation, repair, and service of computer equipment sold to Computerland's customers. In performing these duties, Gutridge was required to lift computer equipment both at the store and on-site, transport computer equipment between the customer site and Computerland's shop, and move on-site objects such as desks, shelves, and chairs.

In March 1993, Gutridge was lifting a computer monitor when his left wrist snapped, causing pain and numbness in his wrist, hand, and fingers. Gutridge received medical treatment and was eventually diagnosed with carpel tunnel syndrome and cubital tunnel syndrome in both his left and right wrists. Thereafter, through June 1995, Gutridge underwent five separate surgeries on his left and right wrists and elbows. After each surgery, Gutridge was placed by his doctors on various lifting restrictions and returned to work. During this time, Computerland assigned Gutridge to a temporary position requiring only light duty, in-shop services. On June 19, 1995, Gutridge's treating physician issued a written release to return to work with the permanent restriction that he may lift forty-five pounds 5% of the work day, thirty-five

---

[2]The Honorable Joseph F. Bataillon, United States District Judge for the District of Nebraska.

pounds 33% of the work day, twenty pounds 20% of the work day, and ten pounds consistently. A few days later, Computerland terminated Gutridge's employment. In its letter of termination to Gutridge, Computerland stated:

> We have been informed that your rehabilitation program has ended and that the medical restrictions as identified by Dr. David Clough are now rated as permanent. That condition unfortunately prevents you from being able to fully accomplish the tasks necessary to perform your job functions.

J.A. at 24. Three and one-half weeks later, Gutridge was hired as a computer service technician by a company that repaired computers both in-shop and on-site.

## II.

We review de novo a district court's grant of summary judgment. See Wooten v. Farmland Foods, 58 F.3d 382, 385 (8th Cir. 1995). We affirm the judgment if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

The ADA prohibits employers from discriminating "against a qualified individual with a disability because of the disability of such individual." 42 U.S.C. § 12112(a). To establish a claim under the ADA, a plaintiff must show "that he has a disability as defined in 42 U.S.C. § 12102(2); that he is qualified to perform the essential functions of the job, with or without reasonable accommodation; and that he has suffered adverse employment action because of his disability." Benson v. Northwest Airlines, Inc., 62 F.3d 1108, 1112 (8th Cir. 1995) (citing Wooten, 58 F.3d at 385). "Disability" is defined as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

Gutridge first claims that he is disabled under § 12102(2)(A) because his permanent lifting restriction, he argues, substantially limits one or more of his major life activities. The Equal Employment Opportunity Commission regulations define "major life activities" as "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i) (1997). Gutridge argues that his carpel tunnel syndrome and cubital tunnel syndrome, which resulted in him being placed on a permanent lifting restriction, substantially limits his major life activity of working. "Substantially limits" with respect to the major life activity of working means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes." Id. § 1630.2(j)(3)(i). The regulations further state that "[t]he inability to perform a single, particular job does not constitute a substantial limitation." Id.

Gutridge has failed to present evidence that he is substantially limited in the major life activity of working. See Robinson v. Neodata Servs. Inc., 94 F.3d 499, 501-02 (8th Cir. 1996) (finding that a permanent lifting restriction, which rendered plaintiff unable to perform the primary function of her previous position, did not substantially limit her major life activity of working). Gutridge's carpel and cubital tunnel syndromes have left him unable to perform the job of a Computerland service technician given the nature of Computerland's exclusive on-site repair business. He is still able, however, to function as a computer repair technician for other employers who either do not require lifting as part of their job duties or can provide assistance. Indeed, Gutridge has found such employment.

Gutridge also contends that his permanent lifting restriction substantially limits his major life activity of lifting. The EEOC regulations include lifting as an example of a major life activity. See 29 C.F.R. Pt. 1630, App. § 1630.2(i). A permanent lifting restriction of not more than 45 pounds, however, neither renders him "[u]nable to perform" nor "[s]ignificantly restrict[s]" his activity of lifting. 29 C.F.R. § 1630.2(j)(1)(i), (ii). Further, we have held that, "[w]hile lifting is noted under the

regulations as a major life activity, a general lifting restriction imposed by a physician, without more, is insufficient to constitute a disability within the meaning of the ADA." Snow v. Ridgeview Med. Ctr., 128 F.3d 1201, 1207 (8th Cir. 1997) (citing Helfter v. United Parcel Serv., Inc., 115 F.3d 613, 617 (8th Cir. 1997) and Aucutt v. Six Flags over Mid-America, Inc., 85 F.3d 1311, 1319 (8th Cir. 1996)). We find that Gutridge's permanent lifting restriction does not impose a substantial limitation on his major life activity of lifting.

Finally, Gutridge argues that he disabled under § 12102(2)(B) because "his five separate surgeries, wraps, splints, medication, work restrictions, and inability to perform simple manual tasks" created a record of impairment. Gutridge Br. at 14. For support, Gutridge relies on School Board of Nassau County, Florida v. Arline, 480 U.S. 273 (1987). In Arline, the Supreme Court held that a school teacher's hospitalization for tuberculosis nearly twenty years prior to her termination established a record of impairment, and that she was therefore handicapped under the Rehabilitation Act.[3] See Arline, 480 U.S. at 281. The Court stated that the tuberculosis "was serious enough to require hospitalization, a fact more than sufficient to establish that one or more of her major life activities were substantially limited." Id. Gutridge thus contends that, if hospitalization twenty years previous was sufficient in Arline to establish a record of impairment, then his course of treatment should also suffice. We disagree.

We do not interpret Arline to mean that simply being hospitalized establishes a record of impairment under the ADA. See Demming v. Housing and Redevelopment Auth., of Duluth, Minnesota, 66 F.3d 950, 955 (8th Cir. 1995). Such an interpretation would establish the "nonsensical proposition that any hospital stay is sufficient to evidence a 'record of impairment.'" Taylor v. United States Postal Serv., 946 F.2d

---

[3]Cases interpreting the definition of "handicap" under the Rehabilitation Act are instructive for purposes of interpreting "disability" under the ADA. See Wooten v. Farmland Foods, 58 F.3d 382, 385 n.2 (8th Cir. 1995).

1214, 1217 (6th Cir. 1991). We reject such a reading of <u>Arline</u>. Unfortunately, the Court in <u>Arline</u> offered little detail regarding the teacher's actual length of hospital stay or the severity of her affliction. Thus, we find <u>Arline</u> to offer little guidance.

The EEOC regulations state that "a record of such impairment" means "a history of . . . a mental or physical impairment that substantially limits one or more major life activities." 29 C.F.R. § 1630.2(k). Gutridge has failed to show that one or more of his major life activities was substantially limited. Moreover, we reject Gutridge's argument that such a record of impairment was established during his period of treatment and recovery. Disability under the ADA requires permanent or long-term impairments, <u>see</u> 29 C.F.R. Pt. 1630, App. § 1630.2(j), and impairments while recovering from surgery are not evidence of a permanent disability, <u>see</u> <u>Heintzelman v. Runyon</u>, 120 F.3d 143, 145 (8th Cir. 1997).

We conclude that Gutridge has failed to present a genuine issue of fact that he is disabled within the meaning of the ADA. In so doing, we necessarily reject Gutridge's argument that the District Court erred in dismissing his motion for summary judgment. We therefore affirm the District Court's grant of summary judgment to Computerland.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-6-