**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SHIRLEY YOUNG,

      Plaintiff-Appellant,

v.

U.S. WEST COMMUNICATIONS,
INC.,

      Defendant-Appellee.

No. 97-2287
(D.C. No. CIV-95-143-LH)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **PORFILIO** , **BARRETT** , and **KELLY** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Shirley Young sued her former employer, U.S. West Communications, Inc., alleging, *inter alia*, that her termination of employment violated the Americans with Disabilities Act (ADA) and also constituted breach of an implied contract and intentional infliction of emotional distress. The district court granted summary judgment to defendant on the ADA and implied contract claims and entered judgment as a matter of law for defendant on the intentional infliction of emotional distress claim. Plaintiff appeals these three rulings.

Plaintiff's ADA claim alleged that defendant terminated her because she was disabled by repetitive motion syndrome (RMS). We review the district court's grant of summary judgment de novo, applying the same Fed. R. Civ. P. 56(c) standards as did the district court. See Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Id. After performing this review, we agree with the district court that plaintiff has failed to prove she suffers from a disability as contemplated by the ADA.

In order to establish a prima facie case under the ADA, plaintiff first had to show she was a disabled person by establishing that her RMS "substantially limits

one or more of [her] major life activities," see MacDonald v. Delta Air Lines, Inc., 94 F.3d 1437, 1443 (10th Cir. 1996); 42 U.S.C. § 12102(2). [1]

Major life activities include functions such as "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i). Plaintiff claims she is substantially limited in the major life activity of working.

To substantiate this claim, plaintiff must show her RMS significantly restricts her "ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities," MacDonald, 94 F.3d at 1444 (emphasis omitted) (quoting Bolton v. Scrivner, Inc., 36 F.3d 939, 942 (10th Cir. 1994)). The inability to perform a single particular job does not constitute substantial limitation in the major life activity of working. See Bolton, 36 F.3d at 942; 29 C.F.R. § 1630.2(j)(3). The district court found that plaintiff's RMS restricted her ability to perform only a narrow range of jobs and that plaintiff thus did not suffer from a disability as defined by the ADA. We agree.

Plaintiff's physician recommended that plaintiff discontinue her job as a directory assistance operator because of its heavy demands on her wrists and

_____

[1] There are two other ways for a plaintiff to establish disability, neither of which are relevant to this case.

-3-

that she find other employment, such as a receptionist, where she could use her head and neck more effectively. See Appellant's App. Vol. 1 at 168. Plaintiff herself admitted that the only job she could not do was typing and keyboard work. See id. at 84, 116. The vocational expert who appeared at plaintiff's disability hearing for social security benefits testified that plaintiff could perform a significant number of jobs in the regional and national economy including those of receptionist, information clerk, and/or customer service representative. See id. at 74, 116.

The record indicates that plaintiff can no longer perform a narrow range of jobs requiring extensive use of a keyboard. It does not establish that plaintiff is barred from doing any number of other sedentary office jobs. Thus, plaintiff is not precluded from performing either an entire class of jobs or a broad range of jobs in various classes. See Gutridge v. Clure, 153 F.3d 898, 900-01 (8th Cir. 1998) (refusing to find plaintiff's carpel tunnel syndrome with resulting lifting restrictions substantially limiting where plaintiff could still function as a computer repair technician for employers who did not require lifting as part of the job duties); McKay v. Toyota Motor Mfg., U.S.A., Inc., 110 F.3d 369, 373 (6th Cir. 1997) (holding that the plaintiff's carpal tunnel syndrome which precluded the performance of repetitive-motion factory work was not a substantially limiting impairment); Wooten v. Farmland Foods, 58 F.3d 382, 386

(8th Cir. 1995) (holding that carpal tunnel syndrome precluding work with meat products in a cold environment would not substantially limit major life activities but only prevented the performance of a narrow range of meatpacking jobs); see also Sutton v. United Air Lines, Inc., 130 F.3d 893, 905 (10th Cir. 1997) (refusing to find that plaintiffs' nearsightedness, which prevented them from working for United as pilots, disqualified them from a "class of jobs"), petition for cert. filed, 66 U.S.L.W. 3783 (U.S. June 1, 1998) (No. 97-1943). "We refuse to construe the [ADA] as a handout to those who are in fact capable of working in substantially similar jobs." Id. (quotation omitted).

As her second issue on appeal, plaintiff argues that defendant's policy for accommodating employees with disabilities constituted an implied employment contract under New Mexico law which was breached by defendants. In granting summary judgment on this claim, the district court concluded that, because plaintiff was not disabled for ADA purposes,

> [i]t would be incongruous to conclude that a policy that is drafted to implement a statutory scheme would form the basis for a state law implied contract claim when this Court has already ruled that the Americans with Disabilities Act definition of qualified persons does not apply to the Plaintiff.

Appellant's App. Vol. II at 339. The court further found that there was no evidence that the accommodation policy was intended by anyone to be a contract. Id. We agree.

Putting aside the issue of whether, under New Mexico law, a document of this type could form the basis for an implied employment contract, plaintiff has failed to produce any evidence that she even knew of the existence of defendant's accommodation policy. Under New Mexico law, "[t]o create an implied contract, the offer or promise must be sufficiently explicit to give rise to reasonable expectations." Hartbarger v. Frank Paxton Co., 857 P.2d 776, 783 (N.M. 1993) (emphasis omitted). Although it may be manifested in different ways, the law of implied contract still requires some evidence of mutual assent. See id. at 782-83. Because she had no knowledge of the accommodations policy, plaintiff was unable to establish mutual assent and was further unable to show that defendant had intended the policy to restrict its authority to discharge her at will. See id. at 782.

Finally, plaintiff argues the district court erred in entering judgment as a matter of law for defendant on her intentional infliction of emotional distress claim. Our de novo review of this ruling looks to whether "the evidence points but one way and is susceptible to no reasonable inferences supporting the party opposing the motion." Mason v. Oklahoma Turnpike Auth., 115 F.3d 1442, 1450 (10th Cir. 1997). Judgment as a matter of law is appropriate "if there is no legally sufficient evidentiary basis . . . with respect to a claim or defense . . . under the controlling law." Id. (quotation omitted).

Liability in New Mexico for intentional infliction of emotional distress has been found "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Dominguez v. Stone, 638 P.2d 423, 426 (N.M. Ct. App. 1981) (quoting Restatement (Second) of Torts § 46 (1965)); see also Jaynes v. Strong-Thorne Mortuary, Inc., 954 P.2d 45, 50 (N.M. 1997). Our review of the record fails to reveal any actions by defendant that would meet to this standard.

Plaintiff's attorney's motion to withdraw as counsel is GRANTED. The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court

John C. Porfilio
Circuit Judge