**Arlene COUSINS, Plaintiff,**

v.

**HOWELL CORPORATION, Defendant.**

**No. 3:98CV1945 (GLG).**

United States District Court,
D. Connecticut.

June 7, 1999.

Daniel H. Kryzanski, Stratford, CT, for plaintiff.

Sheila Anne Denton, Adam J. Cohen, Pullman & Comley, Bridgeport, CT, for defendant.

*Memorandum Decision*

GOETTEL, District Judge.

On April 29, 1999, this Court granted defendant's motion to dismiss six of the seven counts of plaintiff's complaint, leaving only plaintiff's age discrimination claim. The Court, however, granted plaintiff leave to file an amended complaint consistent with its ruling. On May 6, 1999, plaintiff filed an amended three-count complaint, alleging age discrimination (Count I), disability discrimination (Count II), and negligent misrepresentation (Count III). Defendant now moves to dismiss Counts II and III.

*Count II—Americans with Disabilities Act ("ADA")*

Plaintiff's original ADA claim was deficient in that plaintiff had not adequately alleged that she suffered from a "disability," as that term is defined under the ADA. Defendant argues that, even as amended, plaintiff's complaint has not sufficiently alleged that she was "disabled." Defendant asserts that plaintiff has done nothing more than describe the temporary effects of her temporary impairments in greater detail. Plaintiff counters that she has alleged that she was substantially limited in various major life activities at the time defendant committed its first act of discrimination, hiring her replacement, and at the time of the second act of discrimination, her termination. Moreover, she claims to have adequately alleged that she was regarded as disabled by her employer at both points in time.

Plaintiff has alleged a physical impairment, see 29 C.F.R. § 1630.2(h)(1), and has identified major life activities that were affected by this impairment. See 29 C.F.R. § 1630.2(i). Our focus is solely on the "substantially limits"[1] prong of the

1. The EEOC regulations, 29 C.F.R. § 1630.2(j)(1), define "substantially limits" as:
(i) Unable to perform a major life activity that the average person in the general population can perform; or

(ii) Significantly restricted as to the condition, manner or duration under which an individual can perform a particular major life activity as compared to the condition, manner, or duration under which the aver-

three-part test set forth in *Bragdon v. Abbott,* 524 U.S. 624, 118 S.Ct. 2196, 2202, 141 L.Ed.2d 540 (1998), for determining whether plaintiff has a disability under the ADA.

As defendant correctly points out, numerous cases have held that surgery-related absences from work and short-term working restrictions thereafter do not constitute a "disability" under the ADA. *See, e.g., Heintzelman v. Runyon,* 120 F.3d 143, 145 (8th Cir.1997) (employee's inability to work while recovering from surgery was not evidence of a permanent impairment under the ADA); *McDonald v. Pennsylvania Dept. of Public Welfare,* 62 F.3d 92, 95–97 (3d Cir.1995) (holding that the inability to work for several months following surgery was not a disability under the ADA); *Evans v. Dallas,* 861 F.2d 846, 852–53 (5th Cir.1988)(postoperative limitations are not an impairment under the Rehabilitation Act). Furthermore, injuries of temporary duration have repeatedly been held not to meet the definition of a "disability" under the ADA. *See, e.g., Presutti v. Felton Brush, Inc.,* 927 F.Supp. 545, 548–49 (D.N.H.1995) (back injury, which kept plaintiff out of work for seven weeks, did not constitute a disability); *Blanton v. Winston Printing Co.,* 868 F.Supp. 804 (M.D.N.C.1994) (knee injury of relatively short duration was not a "disability" within meaning of the ADA, even assuming it impaired a major life activity).

 Although short-term, temporary restrictions generally are not substantially

limiting, an impairment does not have to be permanent to rise to the level of a disability. *Katz v. City Metal Co.,* 87 F.3d 26, 31 (1st Cir.1996). The duration of the impairment is simply one of the factors, together with the nature, severity, and long-term impact of the impairment, that must be considered in determining whether the impairment substantially limits a major life activity such that it would constitute a "disability" under the ADA.[2] *Santiago Clemente v. Executive Airlines,* 7 F.Supp.2d 114, 118 (D.P.R.1998). Some conditions may be long-term or potentially long-term in that their duration is indefinite or unknowable. Such conditions if severe may constitute disabilities. *Katz,* 87 F.3d at 31 (citing 2 EEOC compliance Manual, Interpretations (CCH) § 90.24, ¶ 6884, p. 5319 (1995)).

 In this case, plaintiff has alleged that she was completely unable to work, drive, walk, or bathe herself for a ten-month period, and thereafter she was substantially limited in her ability to lift, walk, bend and sit for lengthy periods and she required prolonged rest periods. Plaintiff also alleges that, because of her disability, for six months following her complete disability, she was unable to perform a wide range of jobs including any position that would require significant filing, lifting, bending, or sitting for prolonged periods.

Although we question whether plaintiff will ultimately be able to meet her burden of proving that she suffered from an impairment that substantially limits a major

---

age person in the general population can perform that same major life activity.

2. The regulations list the following factors that should be considered in determining whether an individual is substantially limited in a major life activity: (i) the nature and severity of the impairment; (ii) the duration or expected duration of the impairment; and (iii) the permanent or long-term impact, or the expected permanent or long-term impact of or resulting from the impairment. 29 C.F.R. § 1630.2(j)(2). With respect to the major life activity of working, the regulations further provide that "substantially limits"

means "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3)(i). Additional factors to be considered include the geographical area and the number of jobs in the area requiring similar skills, training, knowledge and abilities as the job from which the plaintiff was disqualified. 29 C.F.R. § 1630.2(j)(3)(ii). *See generally Colwell v. Suffolk County Police Dept.,* 158 F.3d 635, 642–43 (2d Cir.1998) (discussing the regulations), *cert. denied,* —— U.S. ——, 119 S.Ct. 1253, 143 L.Ed.2d 350 (1999).

life activity, at this stage in the litigation, plaintiff has alleged sufficient facts to withstand a motion to dismiss. The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir.1984). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiff can prove no set of facts in support of her claim which would entitle her to relief. *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980). The issue is not whether a plaintiff is likely to succeed on a claim, but whether she is entitled to offer evidence to support the claim. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely, but that is not the test." *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 669, 673 (2d Cir.1995). Therefore, we deny defendant's motion to dismiss Count II. *See Goldring v. Sillery Mayer & Partners*, No. 3:98CV00301 (D.Conn. Mar. 29, 1999) (Slip Op.).

*Count III—Negligent Misrepresentation*

We dismissed plaintiff's original negligent misrepresentation claim because plaintiff had not alleged that the defendant knew or reasonably should have known that the statements it made were false. Plaintiff's amended count has remedied this defect. Defendant now asks us to dismiss plaintiff's amended claim for negligent misrepresentation on the ground that plaintiff has failed to plead justifiable reliance.

The alleged misrepresentations at issue are the statements by plaintiff's supervisor, after her replacement had been hired, that she should not worry, her position would be held open for her upon her recovery and to just get better. Plaintiff has alleged that she relied upon these representation in foregoing other job opportunities. She further alleges that her reliance on defendant's negligent misrepresenta-

tions was to her detriment and that it caused her damages. Defendant argues that these representations were so vague, ambiguous and uncertain that no reasonable person would be justified in relying on them.

For purposes of stating a cause of action for negligent misrepresentation, the representations do not need to be promissory; they only need to contain false information. *See D'Ulisse–Cupo v. Board of Directors of Notre Dame High School*, 202 Conn. 206, 218, 520 A.2d 217 (1987) (finding that the plaintiff-teacher had stated a claim for negligent misrepresentation where she alleged that defendants made unconditional representations that she would be rehired the next year, when in fact they knew or should have known that their hiring plans were contingent upon student enrollments for the following year). Assuming that defendant did in fact misrepresent that it was keeping her job open, when plaintiff had already been replaced, and that plaintiff relied upon this statement in foregoing other job opportunities and suffered pecuniary loss as a result, we find that plaintiff has sufficiently alleged the elements of a claim for negligent misrepresentation. Moreover, the Connecticut courts have repeatedly held that the reasonableness of a plaintiff's reliance is a question of fact for the jury to determine based upon all of the circumstances. *Williams Ford, Inc. v. Hartford Courant Co.*, 232 Conn. 559, 580, 657 A.2d 212 (1995).

Accordingly, we find that plaintiff has adequately alleged the elements of a cause of action for negligent misrepresentation and deny defendant's motion to dismiss Count III.

*CONCLUSION*

For the foregoing reasons, defendant's motion to dismiss Counts II and III [**doc. # 20**] is DENIED.

SO ORDERED.