# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3772

_____

Kathleen M. Roche,                              *
                                                *
        Plaintiff-Appellant,                    *
                                                *   Appeal from the United States
    v.                                          *   District Court for the Western
                                                *   District of Missouri.
Saint Lukes Shawnee Mission Health              *
System, Inc.; Saint Lukes Hospital, of          *        [UNPUBLISHED]
Kansas City; Saint Lukes Hospital, Inc.,        *
doing business as Saint Lukes Health            *
System,                                         *
                                                *
        Defendants-Appellees.                   *

_____

Submitted: September 12, 2002
Filed: September 27, 2002

_____

Before McMILLIAN, BRIGHT, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Kathleen Roche appeals the district court's[1] grant of summary judgment on her disability discrimination and rehabilitation claims against her employer, Saint Lukes Shawnee Mission Health Systems (Saint Lukes) based on the Rehabilitation Act, 29

_____

[1]The Honorable Scott O. Wright, United States District Judge for the Western District of Missouri.

U.S.C. § 794, the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 287.780, the Family Medical Leave Act, 29 U.S.C. § 2601, and Missouri's worker's compensation law. We affirm.

Having carefully reviewed the record, we affirm the district court's finding that Roche failed to establish a prima facie case of either disability discrimination or rehabilitation discrimination. See Fast v. Southern Union Co., 149 F.3d 885, 889 (8th Cir. 1998) (stating de novo standard of review). Roche has failed to show that her sight problems[2] and her positive reaction to a tuberculin skin test constitute a disability or that they limited her in any major life activity. See Heintzelman v. Runyon, 120 F.3d 143, 145 (8th Cir. 1997) (noting that a condition must be permanent or produce long-term limitations for the individual to constitute an actual disability under either the Rehabilitation Act or MHRA); see also Sutton v. United Air Lines, Inc., 527 U.S. 471, 488-89 (1999) (holding available corrective measures or medications must be considered in assessing whether a physical condition qualifies as a disability). Roche has also failed to demonstrate that Saint Lukes regarded her as being disabled. Roberts v. Unidynamics Corp., 126 F.3d 1088, 1092 (8th Cir. 1997) (stating standard for "regarded as" claim).

The district court did not err in dismissing Roche's retaliation claims. Roche failed to establish that she engaged in any protected activity. Keil v. Select Artificials, Inc., 169 F.3d 1131, 1136 (8th Cir. 1999) (stating prima facie elements for retaliation). The district court also did not err in dismissing Roche's FMLA claims. Roche failed to demonstrate that her elective outpatient eye surgery was a "serious health condition," entitling her to FMLA protections. See Austin v. Haaker, 76 F. Supp. 2d 1213, 1220-21 (D. Kan. 1999) (noting the limited instances when the FMLA

---

[2]In her Equal Employment Opportunity Commission (EEOC) complaint, Roche claimed her disability was refractive surgery. In contrast, in her complaint, Roche claimed disability based on nearsightedness and astigmatism. In response to Saint Lukes' summary judgment motion, Roche claimed disability based on myopia.

applies and defining a "serious health condition").  Finally, the district court did not err in dismissing Roche's retaliation claim for making a worker's compensation claim, where the filing of the claim occurred five years prior to her termination. See Hansome v. Northwestern Cooperage Co., 679 S.W.2d 273, 275 (Mo. 1984) (stating prima facie elements for worker's compensation retaliation).

Accordingly, we affirm.[3]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[3]We deny as moot Saint Lukes' pending motion to strike Roche's appendix.