# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-3541

_____

| | | |
|---|---|---|
| Denise DeBose, | * | |
| | * | |
| Appellee, and | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Intervenor on Appeal, | * | |
| | * | |
| v. | * | |
| | * | |
| State of Nebraska, | * | Appeals from the United States |
| | * | District Court for the District |
| Appellant. | * | of Nebraska. |

_____

No. 97-3544

_____

| | | |
|---|---|---|
| James McCullough, | * | |
| | * | |
| Appellee, and | * | |
| | * | |
| United States of America, | * | |
| | * | |
| Intervenor on Appeal, | * | |
| | * | |

v.                                        *
                                          *
State of Nebraska,                        *
                                          *
          Appellant.                      *
                          _____

                    Submitted:  April 15, 1998

                      Filed:  August 9, 1999
                          _____

Before WOLLMAN, Chief Judge, and BEAM and MORRIS SHEPPARD ARNOLD,
      Circuit Judges.

                          _____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

       The Nebraska Equal Opportunity Commission (NEOC) fired two of its case
investigators, Denise DeBose and James McCullough, because, the NEOC says, they
repeatedly and grossly failed to meet their case quotas and performed their work in an
untimely fashion.  Both Ms. DeBose and Mr. McCullough claim to suffer from clinical
depression, and they maintain that their unsatisfactory work performance was due to
their disability.  They therefore filed suit against the NEOC, alleging that it had violated
the Americans with Disabilities Act (ADA), *see* 42 U.S.C. §§ 12101-12213,  in
terminating them.

       A jury awarded a total of more than $175,000 in back wages and compensatory
damages to the plaintiffs and nearly $100,000 in front pay to Mr. McCullough, and the
district court ordered that Ms. DeBose be reinstated to her job.  The state of Nebraska
argues that the district court erred in holding that the state was not immune from suit
under the Eleventh Amendment of the U.S. Constitution and in denying the state's
motions for judgment as a matter of law.

In *Alsbrook v. City of Maumelle*, No. 97-1825 (8th Cir. 1999) (*en banc*), slip op. at 18, we held that Congress lacked the power to abrogate a state's eleventh amendment immunity relative to Title II of the Americans with Disabilities Act, *see* 42 U.S.C. §§ 12131-12165. We think that the principles established in that case apply with equal vigor to Title I of that act, *see* 42 U.S.C. §§ 12111-12117. We therefore reverse the judgment of the district court and remand the case for the entry of judgment in favor of the defendant.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.