186 F.3d 1087 (8th Cir. 1999)
 Denise DeBose, Appellee,
and
United States of America, Intervenor on Appeal,
v.
State of Nebraska, Appellant.
James McCullough, Appellee,
and
United States of America, Intervenor on Appeal,
v.
State of Nebraska, Appellant.
 Nos. 97-3541, 97-3544
 United States Court of Appeals FOR THE EIGHTH CIRCUIT
 Submitted: April 15, 1998
Decided: August 9, 1999
Rehearing and Rehearing En Banc
Denied Sept. 14, 1999
 
 Appeals from the United States District Court for the District of Nebraska.
 Before WOLLMAN, Chief Judge, and BEAM and MORRIS SHEPPARD ARNOLD,Circuit Judges.
 MORRIS SHEPPARD ARNOLD, Circuit Judge.
 
 
 1
 The Nebraska Equal Opportunity Commission (NEOC) fired two of its case investigators, Denise DeBose and James McCullough, because, the NEOC says, they repeatedly and grossly failed to meet their case quotas and performed their work in an untimely fashion. Both Ms. DeBose and Mr. McCullough claim to suffer from clinical depression, and they maintain that their unsatisfactory work performance was due to their disability. They therefore filed suit against the NEOC, alleging that it had violated the Americans with Disabilities Act (ADA), see 42 U.S.C. 12101-12213, in terminating them.
 
 
 2
 A jury awarded a total of more than $175,000 in back wages and compensatory damages to the plaintiffs and nearly $100,000 in front pay to Mr. McCullough, and the district court ordered that Ms. DeBose be reinstated to her job. The state of Nebraska argues that the district court erred in holding that the state was not immune from suit under the Eleventh Amendment of the U.S. Constitution and in denying the state's motions for judgment as a matter of law.
 
 
 3
 In Alsbrook v. City of Maumelle, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc), We held that Congress lacked the power to abrogate a state's eleventh amendment immunity relative to Title II of the Americans with Disabilities Act, see 42 U.S.C. 12131-12165. We think that the principles established in that case apply with equal vigor to Title I of that act, see 42 U.S.C. 12111-12117. We therefore reverse the judgment of the district court and remand the case for the entry of judgment in favor of the defendant.