# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1335

_____

Raymond Shipley,                          *
                                          *
    Plaintiff - Appellant,                *
                                          *   Appeal from the United States
v.                                        *   District Court for the Eastern District
                                          *   of Missouri.
City of University City; University       *
City Fire Department,                     *
                                          *
    Defendants - Appellees.               *

_____

Submitted: September 17, 1999
Filed: November 19, 1999

_____

Before McMILLIAN and MURPHY, Circuit Judges, and TUNHEIM,[*] District
Judge.

_____

MURPHY, Circuit Judge.


After the City of University City, Missouri declined to reinstate him as a
firefighter, Raymond Shipley sued the city under Title I of the Americans with
Disabilities Act (ADA), 42 U.S.C. § 12101 et seq. (1994) and Section 504 of the

_____

    *The HONORABLE JOHN R. TUNHEIM, United States District Judge for the
District of Minnesota, sitting by designation.

Rehabilitation Act, 29 U.S.C. § 794 (1994), seeking monetary and injunctive relief, including reinstatement. The district court[2] granted summary judgment for University City, and Shipley appeals.[3]

Shipley began work as a firefighter for University City in 1974. Two years later he was severely injured on the job and retired with a disability pension. After several years of physical therapy, he successfully applied to the Police and Firemen's Retirement Board for reinstatement as a firefighter. Shipley retired once more in 1990 after he was injured in a fall from a truck, and was employed at various times as a car wash attendant, a salesman, a dry cleaner, and a dish washer repairman. In 1994 he again applied for reinstatement and supplied the board with supporting letters from several doctors. The board voted unanimously to deny his request to return to duty as a firefighter. The minutes of its meeting indicate that it denied the request in order "to safeguard Mr. Shipley, the citizens, and his fellow firefighters."

In his complaint Shipley alleged that University City violated the ADA and the Rehabilitation Act by refusing to reinstate him because it regarded him as being disabled. The district court later concluded that Shipley had not created a material issue of fact on the question of whether he was regarded as substantially limited in one or more major life functions within the meaning of either statute and granted summary judgment to the City.

_____

[2]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for the Eastern District of Missouri.

[3]There are also two motions pending. Shortly before oral argument Shipley moved to dismiss his claim under 42 U.S.C. § 1983 which alleged that he had not received the process he was due. The City has moved to strike portions of Shipley's separate appendix because they were not part of the record before the district court; Shipley has offered no response. We grant both motions.

On appeal Shipley argues that there are material issues of fact concerning his allegation that he was not reinstated because the city regarded him as having an impairment which interfered with major life activities. Shipley also suggests for the first time on appeal that the city did not reinstate him due to his having a record of an impairment which interfered with major life activities. University City responds that because he is precluded only from working as a firefighter, as a matter of law Shipley's impairment does not substantially limit a major life function. The city also argues that Shipley has waived his new claim of a record of impairment by failing to raise it below. Our review is de novo. Aucutt v. Six Flags Over Mid-America, 85 F.3d 1311, 1315 (8th Cir. 1996).

Title I of the ADA bars employers from discriminating against "a qualified individual with a disability because of the disability of such individual in regard to . . . hiring, advancement, or discharge." 42 U.S.C. § 12112(a). A qualified individual is a person who "with or without reasonable accommodation can perform the essential functions" of the job in question. 42 U.S.C. § 1211(8). Disability is defined as:

> (A) a physical or mental impairment that substantially
> limits one or more of the major life activities of such
> individual;
> (B) a record of such impairment;
> (C) being regarded as having such an impairment.

42 U.S.C. § 12102(2). Although major life activity is not defined by the ADA, the Supreme Court has interpreted the term to include functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working. Bragdon v. Abbott, 524 U.S. 624, 638-639 (1998). The same basic standards and definitions are used under both the ADA and the Rehabilitation Act so cases interpreting either may be relevant to the other. Allison

v. Department of Corrections, 94 F.3d 494, 497 (8th Cir. 1996). To recover under either statute, Shipley must demonstrate that the City refused to reinstate him as a firefighter because it regarded him as substantially limited in one or more major life activities.

The Supreme Court clarified what constitutes a substantial limitation of a major life activity in two cases decided last June. In Sutton v. United Air Lines, --- U.S. ---, 119 S.Ct. 2139 (1999), the Court held that when the major life activity under consideration is that of working, a substantial limitation requires that plaintiffs be "unable to work in a broad class of jobs." Id. at 2151. The Sutton plaintiffs had complained that they were not hired as commercial airline pilots because the airline regarded their myopia as substantially limiting them in the major life activity of working. This theory did not state a claim under the ADA since an employer may lawfully exclude an employee with limited physical capacities from a particular job. "By its terms, the ADA allows employers to prefer some physical attributes over others and to establish physical criteria" even if those criteria would substantially limit a person's employment opportunities if they were adopted by a large number of employers. Id. at 2150-52. It is not enough for a plaintiff to demonstrate that he is regarded as unable to perform a particular job or type of job. Id. at 2151. To be regarded as substantially limited in the major life activity of working, one must be regarded as precluded from a substantial class of jobs. Id. In the companion case, Murphy v. United Parcel Serv., --- U.S. ---, 119 S.Ct. 2133 (1999), a mechanic who had been diagnosed with high blood pressure lost his Department of Transportation certification and was dismissed from his job. He sued, claiming that his employer regarded him as disabled within the meaning of the ADA. His employer was entitled to summary judgment because Murphy put forward no evidence demonstrating that he was regarded as unable to perform a class of jobs. Id. at 2139.

Murphy and Sutton demonstrate that an ADA plaintiff must do more than

allege that he is regarded as having an impairment which prevents him from working at a particular job. A plaintiff must demonstrate that he is regarded as precluded from a broad class of jobs. The record in this case indicates that Shipley was able to perform a variety of jobs, and University City is entitled to summary judgment because it regarded him only as unable to perform the job of firefighter.

A claim nearly identical to Shipley's was rejected several years ago in Smith v. City of Des Moines, Iowa, 99 F.3d 1466 (8th Cir. 1996). The plaintiff in Smith was a firefighter whose department had dismissed him because he could not pass the pulmonary function testing it required of all firefighters. Smith alleged that his employer terminated him because it regarded him as having a substantially limiting impairment within the meaning of the ADA. Smith alleged only that he was regarded as having an impairment which disqualified him from a narrow range of jobs, and thus as a matter of law he was not "substantially limited". Id. at 1474. Because Smith did not produce evidence that he was regarded as unable to perform other jobs besides that of firefighter, his ADA claim failed. Shipley's claim fails for the same reason.

Shipley has attempted to recast his claim on appeal to distinguish it from these precedents. Shipley cites the effect his injuries have had on his "walking, lifting, and excreting," complaining that the district court improperly disregarded the ways in which these major life activities have been impaired. It is not at all clear that he ever directed this theory to the attention of the district court. Moreover, Shipley has not produced evidence that he was terminated for any reason other than the retirement board's concerns about his capacity to perform as a firefighter. The record indicates only that he was not reinstated because University City believed he was unable to meet the requirements of that position. Shipley has not made out a claim under either the ADA or the Rehabilitation Act.

For these reasons, the judgment of the district court is affirmed.

-5-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.