# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

Nos. 99-3329/3505

_____

| | | |
|---|---|---|
| Marilyn Anderson, | * | |
| | * | |
| Appellant/Cross-Appellee, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the District of |
| North Dakota State Hospital, | * | North Dakota. |
| | * | |
| Appellee/Cross-Appellant. | * | |

_____

Submitted: October 20, 2000

Filed: November 14, 2000

_____

Before WOLLMAN, Chief Judge, and BEAM and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

MORRIS SHEPPARD ARNOLD, Circuit Judge.

Marilyn Anderson was employed by the North Dakota State Hospital as a switchboard operator. When she learned that a snake had been seen in her work area she refused to return to her position and took a leave from work for several months. After the hospital transferred her to a lower-paying nursing assistant position in another building, she sued, claiming that the hospital's refusal to return her to her original job or pay level violated the Americans with Disabilities Act (ADA), *see* 42 U.S.C. §§ 12101-12213. Ms. Anderson also made various state-law claims.

The district court rejected the hospital's argument that the eleventh amendment precluded application of the ADA to it but granted the hospital's motion for summary judgment on the merits of the ADA claim and dismissed the state-law claims for lack of jurisdiction. Ms. Anderson appeals the judgment, and the hospital cross-appeals on the eleventh amendment ruling. We affirm the judgment of the district court.[1]

## I.

We deal first with the hospital's assertion that the eleventh amendment bars the application of the ADA to state entities such as itself. The district court rejected this argument, relying on our opinion in *Alsbrook v. City of Maumelle*, 156 F.3d 825 (8th Cir. 1998), *vacated*, 184 F.3d 999 (8th Cir. 1999) (*en banc*), *cert. granted*, 120 S. Ct. 1003 (2000), *cert. dism'd*, 120 S. Ct. 1265 (2000).

We have since decided, however, that Congress did not have the authority to extend the ADA to the states. *See DeBose v. Nebraska*, 207 F.3d 1020, 1021 (8th Cir. 1999), *petition for cert. filed*, No. 99-940, 68 U.S.L.W. 3391 (U.S. Dec. 1, 1999), and *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1002, 1010-12 (8th Cir. 1999) (*en banc*), *cert. granted*, 120 S. Ct. 1003 (2000), *cert. dism'd*, 120 S. Ct. 1265 (2000). We therefore find that the eleventh amendment protects the hospital from Ms. Anderson's ADA claim.

## II.

Even if the hospital were not immune from this lawsuit, we would still affirm the judgment of the district court because it correctly granted the hospital's motion for summary judgment. We review a grant of summary judgment *de novo*. *See Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000). "Summary judgment is proper when the record, viewed in the light most favorable to the nonmoving party and giving that

---

[1]The Honorable Patrick A. Conmy, United States District Judge for the District of North Dakota.

party the benefit of all reasonable inferences, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law," *Pace v. City of Des Moines*, 201 F.3d 1050, 1052 (8th Cir. 2000); *see also* Fed. R. Civ. P. 56(c). We accept Ms. Anderson's assertions as true for purposes of evaluating the hospital's motion for summary judgment.

Ms. Anderson claims that she is entitled to the protection of the ADA because of her fear of snakes. For the ADA to apply, however, Ms. Anderson must show that her condition constitutes a "disability." *See Otting v. J. C. Penney Co.*, 223 F.3d 704, 708 (8th Cir. 2000). Under the ADA, a "disability" is "a physical or mental impairment that substantially limits one or more of the major life activities of [an] individual," *see* 42 U.S.C. § 12102(2)(A). To show that her condition substantially limits a major life activity, Ms. Anderson maintains that her condition prevents her from working in an environment where snakes may be present and that any encounter with a snake will render her completely hysterical, thus limiting her ability to drive.

Major life activities include "caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working," *see* 29 C.F.R. § 1630.2(i). This list is not exclusive, however, and other activities can also be major life activities. *See Bragdon v. Abbott*, 524 U.S. 624, 638-39 (1998). While working is clearly a major life activity, the matter of driving is not so obvious. *Compare Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 (5th Cir. 1995) (factoring driving into a determination of whether a person cares for oneself), *with Colwell v. Suffolk County Police Department*, 158 F.3d 635, 643 (2d Cir. 1998), *cert. denied*, 526 U.S. 1018 (1999) (holding that driving is not a major life activity). We give Ms. Anderson the benefit of the doubt, however, and assume that both driving and working are major life activities.

We next consider whether Ms. Anderson's fear of snakes substantially limits her in driving or working. A substantial limitation means that an individual is "[u]nable to

perform ... or ... [is] [s]ignificantly restricted as to the condition, manner, or duration in which [the] individual can perform a particular major life activity as compared to ... [an] average person in the general population," *see* 29 C.F.R. § 1630.2(j)(1). With regard to driving, Ms. Anderson claims that the hysteria she suffers after seeing a snake renders her unable to drive. Any effects on Ms. Anderson's driving ability are temporary responses, however, and she does not allege that a temporary attack of hysteria permanently impairs her driving skills. The brief impairment of an activity is not sufficient to rise to the level of a substantial limitation. "Statutory disability requires permanent or long-term limitations," *Heintzelman v. Runyon*, 120 F.3d 143, 145 (8th Cir. 1997) (*per curiam*); *see also* 29 C.F.R. § 1630.2(j)(2). We therefore hold as a matter of law that Ms. Anderson is not substantially limited in her ability to drive.

The effects on Ms. Anderson's ability to work may well be longer lasting, as she steadfastly refuses to work in an area where snakes have been seen. For Ms. Anderson to show that her ability to work has been substantially limited by her fear of snakes, however, she must show that she cannot work in a broad class of jobs. *See Shipley v. City of University City*, 195 F.3d 1020, 1023 (8th Cir. 1999); *see also* 29 C.F.R. § 1630.2(j)(3)(i). Viewing the record in the light most favorable to Ms. Anderson, she has at most shown that she is incapable of working as a switchboard operator for the hospital. She has offered no evidence of any other job, much less a broad range of jobs, at which she would be prevented from working because of her fear of snakes. We cannot even draw a reasonable inference in her favor, as a comfort level with snakes is simply not a requirement for most jobs. The fact that Ms. Anderson cannot perform one particular job does not constitute a substantial limitation on her ability to work. *See Taylor v. Nimock's Oil Co.*, 214 F.3d 957, 960 (8th Cir. 2000). We therefore agree with the district court that Ms. Anderson's fear of snakes does not substantially limit her ability to work.

## III.

Ms. Anderson also claims that the hospital regarded her as being disabled and therefore that she was disabled within the meaning of the statute. *See* 42 U.S.C. § 12102(2)(C). The hospital, it is true, was aware of Ms. Anderson's fear of snakes, and even took steps to address the situation by calling exterminators to prevent snakes from entering the building. The mere fact that the employer is aware of an employee's condition, however, is not sufficient to survive summary judgment on the question of whether an employer regards an employee as disabled. *See Olson v. Dubuque Community School District*, 137 F.3d 609, 612 (8th Cir. 1998). Forcing Ms. Anderson to use her sick leave while she was away also fails, by itself, to indicate that the hospital considered her to be disabled. We hold, therefore, that Ms. Anderson has adduced no evidence tending to show that the hospital considered her condition to be a disability.

## IV.

Since Ms. Anderson has failed to raise a genuine issue of material fact on the question of whether she was disabled, we hold that she is not entitled to the protection of the ADA and that the district court's grant of summary judgment to the hospital was proper.

The judgment of the district court is therefore affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-5-