# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4270

_____

| | | |
|---|---|---|
| James Earl Nelson, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | |
| | * | |
| Larry Norris, Director, Arkansas | * | |
| Department of Correction; John | * | |
| Byus, Administrator for Medical/ | * | |
| Dental Services; Marvin Evans, | * | Appeal from the United States |
| Warden, East Arkansas Regional | * | District Court for the Eastern |
| Unit, Arkansas Department of | * | District of Arkansas |
| Correction; Jimmy Banks, Assistant | * | |
| Warden, East Arkansas Regional Unit, | * | [UNPUBLISHED] |
| Arkansas Department of Correction; | * | |
| John Lowe, Program Director, East | * | |
| Arkansas Regional Unit, Arkansas | * | |
| Department of Correction, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: December 28, 2000

Filed: January 10, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
     Circuit Judges.

_____

PER CURIAM.

James Earl Nelson, an Arkansas inmate, appeals from the order of the District Court[1] for the Eastern District of Arkansas granting summary judgment to defendants in his action brought under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. Nelson, a paraplegic confined to a wheelchair, claimed defendants--all prison officials--violated his rights by (1) confiscating his shower wheelchair; (2) failing to develop and implement an exercise program with proper equipment for his needs; and (3) maintaining a facility that was not compliant with ADA regulations because it lacked shower safety devices, and its dining and gaming tables, chapel, and recreation yard had accessibility problems. Nelson also appeals the district court's denial of leave to amend his complaint to add state institutional defendants, a Fourteenth Amendment equal protection claim, and a claim under Section 504 of the Rehabilitation Act (RA), 29 U.S.C. § 794(a).

Upon de novo review, we conclude that Nelson did not provide evidence of conduct that violated the Eighth or Fourteenth Amendments. See Seltzer-Bey v. Delo, 66 F.3d 961, 963-64 (8th Cir. 1995) (standard of review; for conditions of confinement to violate Eighth Amendment, inmate must show alleged deprivations denied him minimal civilized measure of life's necessities, and defendants were deliberately indifferent to excessive risk to his health or safety); Klinger v. Dep't of Corr., 31 F.3d 727, 731 (8th Cir. 1994) (equal protection claim requires plaintiff to demonstrate he was treated differently than others similarly situated), cert. denied, 513 U.S. 1185 (1995).

As to his ADA and RA claims, we conclude the district court did not abuse its discretion in denying Nelson leave to amend his complaint to add the institutional

_____

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

defendants. <u>See</u>, <u>e.g.</u>, <u>Knapp v. Hanson</u>, 183 F.3d 786, 790 (8th Cir. 1999) (standard of review); <u>see</u> <u>Alsbrook v. City of Maumelle</u>, 184 F.3d 999, 1010 (8th Cir. 1999) (Congress's attempt to abrogate Eleventh Amendment immunity under Title II of ADA was not proper exercise of its power under § 5 of Fourteenth Amendment), <u>cert. dismissed</u>, 120 S. Ct. 1265 (2000); <u>see also</u> <u>Debose v. Nebraska</u>, 207 F.3d 1020, 1021 (8th Cir. 1999) (extending <u>Alsbrook</u> to Title I of ADA). <u>But see</u> <u>Jim C v. United States</u>, No. 98-1830EA, 2000 WL 1868287, at *1 (8th Cir. Dec. 22, 2000) (en banc) (holding § 504 is a valid exercise of Congress's spending power and that state had waived its immunity with respect to § 504 suits by accepting federal funds). We further conclude that Nelson could not premise a 42 U.S.C. § 1983 claim on alleged ADA and RA violations, and that he lacks standing to seek injunctive relief under the ADA. <u>See</u> <u>Steger v. Franco, Inc.</u>, 228 F.3d 889, 892 (8th Cir. 2000); <u>Alsbrook v. City of Maumelle</u>, 184 F.3d at 1010-11; <u>Murphy v. Arkansas</u>, 127 F.3d 750, 754 (8th Cir. 1997).

Accordingly, we affirm. <u>See</u> 8th Cir. R. 47B. We also deny Nelson's motion to amend his complaint and appellate brief.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

3