Elaine CONRAD, Plaintiff,

v.

CITY OF CHICAGO, Defendant.

No. 96 C 3749.

United States District Court,
N.D. Illinois.

Feb. 19, 1997.

Donna Ann Hickstein–Foley, Michael J. Foley, Foley and Foley, Chicago, IL, for plaintiff.

Joanne Simboli Hodge, Eileen B. Libby, City of Chicago, Law Department Corporation Counsel, Susan S. Sher, Corporation Counsel, City of Chicago, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

GETTLEMAN, District Judge.

Plaintiff Elaine Conrad, a Chicago police officer, filed an amended complaint alleging that defendant City of Chicago violated the Civil Rights Act of 1964, as amended, 42 U.S.C. sec. 2000e ("Title VII"), and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by subjecting plaintiff to a continuing course of sexual harassment by her supervisor. Defendant filed a motion to dismiss plaintiff's amended complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim.

### STANDARDS

A complaint should not be dismissed pursuant to Rule 12(b)(6) unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hartford Fire Insurance Co., et al. v. California et al.,* 509 U.S. 764, 811, 113 S.Ct. 2891, 2917, 125 L.Ed.2d 612 (1993); *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court accepts as true all of the plaintiff's well pleaded factual allegations, and gives the plaintiff the benefit of every reasonable inference that may be drawn from those facts. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Powe v. City of Chicago,* 664 F.2d 639, 642 (7th Cir.1981). At the same time, the court is not required to ignore facts set forth in the complaint that undermine the plaintiff's claim or to assign weight to unsupported conclusions of law. *Scott v. O'Grady,* 975 F.2d 366, 368 (7th Cir.1992), cert. denied, 508 U.S. 942, 113 S.Ct. 2421, 124 L.Ed.2d 643 (1993).

### FACTS

On April 13, 1987, defendant hired plaintiff as a police officer. On September 25, 1996, plaintiff filed a two-count amended complaint alleging she has been subjected to a continuing course of sexual harassment by her supervisor, Sergeant Patrick Chambers ("Chambers"). Plaintiff alleges the sexual harassment began in February of 1988 when, while riding in a patrol car, Chambers grabbed plaintiff's hand and pulled it toward his lap. Plaintiff alleges that this series of sexually harassing conduct continued over a period of 7 years. On January 4, 1995, plaintiff complained to Lt. Lucius White. Plaintiff alleges when Lt. White did not investigate, plaintiff filed charges against Chambers with the Internal Affairs Division. When Internal Affairs Division did not complete an investigation, plaintiff filed discrimination and retaliation charges with the Equal Employment Opportunity Commission ("EEOC") against defendant on September 15, 1995. Plaintiff alleges submission to Chamber's sexual and retaliatory conduct was a condition of employment, and that defendant failed to take appropriate remedial action.

Defendant argues that plaintiff's amended complaint is untimely, inadequately pled, and fails to allege why plaintiff could not have known of her purported injury so as to have brought a timely claim. Defendant further asserts that plaintiff fails to state in what way the City did not discharge its legal duty once plaintiff complained.

### DISCUSSION

#### COUNT I—TITLE VII

Title VII requires plaintiffs to file a charge of discrimination with the EEOC no later than 300 days after the alleged violation. 42 U.S.C. § 2000e–5(e). The filing period is strictly applied. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984). Plaintiff alleges that the sexual harassment began in February of 1988, but she did not file with the EEOC until September 15, 1995. Accordingly, only those claims based on con-

duct that occurred after November 19, 1994, are timely. *See Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir. 1996). Plaintiff specifically alleges only one event that occurred after November 19, 1994—Chambers brushed his knees while grinning at plaintiff.

Plaintiff relies on the continuing violation theory in an attempt to bring all of her claims within the limitations period. In *Galloway v. General Motors Service Parts Operations,* 78 F.3d 1164 (7th Cir.1996), the court resolved the question of the actionability of allegedly sexually harassing conduct that occurs outside the statutory limitations period but is related in some way to conduct within that period. The court held that continuing violation claims are subject to standard principles of limitations law, including the discovery doctrine, equitable estoppel and equitable tolling. *Id.* at 1165–66.

■ Therefore, in deciding when a victim of sexual harassment must sue, the discovery doctrine applies: a suit is timely if it is brought "as soon as the harassment becomes sufficiently palpable that a reasonable person would realize she had a substantial clam under Title VII." *Id.* at 1166. Had plaintiff brought her suit upon discovery of the harassment, plaintiff could have alleged as unlawful the entire course of conduct—including acts that occurred outside the limitations period—that made her working conditions "less desirable."

The *Galloway* court further reasoned that a plaintiff who is the victim of a long chain of events cannot introduce the whole chain if at any point along the line she would have been aware of her injury but failed to file. *Id.* at 1166–67. When this occurs, as in the instant case, plaintiff can sue only for acts of harassment that occurred within the limitations period. *Id.* Therefore, in the instant case, *Galloway* requires a reexamination of plaintiff's knowledge within the seven year period preceding her filing of the sexual harassment charge. The question essentially becomes whether plaintiff acted with reasonable diligence in discovering her injury.

■ Pursuant to *Galloway,* plaintiff cannot base her suit on conduct that occurred more than 300 days before she filed her EEOC charge (November 19, 1994), unless it could be said that a reasonable person would not have known she had a claim prior to that date. Plaintiff's complaint, however, clearly establishes that she was a victim of actionable sexual harassment no later than June 1993, when several clear-cut incidents of sexual misconduct had already occurred. By that time, plaintiff alleges that she had already been subject to the following: Chambers grabbed her hand and pulled it toward his lap (February 1988); Chambers asked her out and called her "my girl"; Chambers wrote her a note that said, "I love you" (April 13, 1988); plaintiff was transferred to the midnight shift; Chambers told her he had had a vasectomy (November, 1988); plaintiff was reassigned one week later to the less desirable Records Section; Chambers told her "You gave me a hard on this morning"; Chambers walked past her pulling a pen in and out of his mouth while looking at her and grinning; Chambers told her he loved her, wanted to get married and would get a divorce (January 20, 1992); Chambers pointed at his lap and said "Chew on this, bitch" to plaintiff (January 16, 1993); Chambers told her "I think it's time to shoot out your kneecaps" (February 2, 1993); Chambers pointed to his lap and asked plaintiff if she "wanted to go down there" (March 30, 1993); Chambers asked plaintiff, "Why don't you just kill yourself?" (May 31, 1993); and Chambers made a threatening movement against plaintiff with an electric cord (June 16, 1993). Absent a "continuing violation" these events are time-barred because they occurred more than 300 days before plaintiff filed her EEOC charge.

■ The "reasonable person" standard requires the judge to decide what a hypothetically reasonable person would understand about certain conduct. *Alvey v. Rayovac Corp.,* 922 F.Supp. 1315, 1327. This court finds that a reasonable person in plaintiff's position, who is subject to frequent unwanted comments, grabbing, retaliation and threats, would have realized she had an actionable claim and would have sued before the statute ran on that conduct. Therefore, the continu-

ing violation doctrine affords plaintiff little relief.[1]

In a *post-Galloway* decision, *Alvey v. Rayovac,* 922 F.Supp. 1315 (W.D.Wis.1996), a female employee filed a Title VII claim against her employer, alleging that her employer subjected her to sexual harassment. The jury returned a verdict for the plaintiff and the employer moved for judgment as a matter of law or in the alternative for a new trial. *Id.* at 1315. The district court held that the plaintiff could not base her sexual harassment suit on conduct that occurred more than 300 days before she filed her charge on February 23, 1993, because it should have been evident to her that she was a victim of actionable harassment no later than February 1992, when she was assaulted by a male employee in a swimming pool. *Id.* The court reasoned that this event was a clear-cut instance of sexual misconduct. *Id.* Accordingly, the court, vacating apportion of the verdict, rejected the plaintiff's attempt to introduce evidence of incidents occurring outside the statute of limitations to support her continuing violation theory. The court, applying *Galloway,* concluded that the plaintiff could not base her suit on this event or other events that occurred more than 300 days before she filed her charge because it should have been evident to her that she was a victim of actionable harassment. *Id.*

Similarly, in the instant case, plaintiff may not base her suit on events which occurred outside the statute of limitations period. It should have been evident to plaintiff she was a victim of actionable sexual harassment no later than January, 1993.

■ Despite these infirmities, however, plaintiff's complaint should not be dismissed. Plaintiff is entitled to bring a Title VII violation because one alleged event falls within the EEOC's 300 day limitation period. On January 8, 1995, Chambers allegedly brushed his knees while grinning at plaintiff. Although plaintiff may not reach back and base her suit on conduct that occurred outside the

statute of limitations, she may allege that on February 2, 1993, Chambers told her "I think it's time to shoot out your kneecaps" to provide the context for the alleged retaliatory conduct that occurred within the limitations period. Although the February 2, 1993, conduct is time-barred as an actionable claim, it is admissible as evidence of earlier discriminatory conduct by an employer. *See Mathewson v. National Automatic Tool Co., Inc.,* 807 F.2d 87, 90 (1986) (time-barred evidence may be used to prove a timely claim based on subsequent discriminatory conduct by an employer). Therefore, this specific time-barred conduct is relevant, and may be used to illuminate current practices which, viewed in isolation, may not indicate discriminatory motives. *See United Air Lines, Inc. v. Evans,* 431 U.S. 553, 558, 97 S.Ct. 1885, 1889, 52 L.Ed.2d 571 (1977); *Crawford v. Western Electric Co.,* 614 F.2d 1300, 1314 (5th Cir.1980)

For these reasons, the court concludes that plaintiff cannot avail herself of the continuing violation theory. However, plaintiff may maintain a Title VII claim against defendant with respect to such acts occurring within the 300 days prior to the filing of the EEOC complaint and plaintiff may introduce Chambers' statement on February 2, 1993, as evidence in support of her Title VII claim.

### COUNT II—EQUAL PROTECTION CLAIM

■ In Count II plaintiff alleges that defendant violated plaintiff's right to equal protection of the laws based on her gender. Defendant moves to dismiss Count II, arguing that plaintiff has failed to satisfy the requirements for suing a municipality under Section 1983 as proscribed in *Monell v. Department of Social Services City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Under *Monell,* a municipality is liable under Section 1983 only where the alleged constitutional injury is caused by the execution of an official government policy,

---

**1.** A continuing violation may also be found if the proof shows a specific and ongoing policy or practice of discrimination, or if an employer allows specific, related instances of discrimination to continue unremedied such that those instances amount to a discriminatory practice or

policy. *Van Zant v. KLM Royal Dutch Airlines,* 80 F.3d 708, 713 (2d Cir.1996). In the instant case, plaintiff has not alleged either a specific ongoing policy or that the City allowed the discrimination to continue unremedied.

**184**

practice, or custom. 436 U.S. at 694, 98 S.Ct. at 2037–38. Defendant argues that plaintiff's complaint contains mere conclusory allegations of custom, policy or practice, and that such allegations are insufficient.

 As the Seventh Circuit has made clear in *Jackson v. Marion County*, 66 F.3d 151 (7th Cir.1995), allegations of a policy or practice, as required by *Monell*, are governed by the notice pleading standards set forth in Fed.R.Civ.P. 8(a)(2). *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 167–69, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993). Apart from the heightened pleading requirements set forth in Rule 9 which are inapplicable here, a plaintiff in a suit in federal court need not plead facts; she can plead conclusions. *Jackson*, 66 F.3d at 153. The only limit on pleading conclusions is that those conclusions must provide the defendant with at least minimal notice of the claim. *Id.*

Plaintiff has failed to provide defendant with minimal notice of the claim. Plaintiff does not allege her injuries were caused by unconstitutional conduct of defendant that "can fairly be said to represent official policy" pursuant to *Monell*. As Defendant suggests, plaintiff may be attempting to hold defendant liable under a *respondeat superior* theory, contrary to the holding in *Monell*, which states that local governmental bodies cannot be held liable under Section 1983 simply because they employ the tortfeasor acting within the scope of his or her employment. 436 U.S. at 694, 98 S.Ct. at 2037–38.

Plaintiff's amended complaint does not provide the minimal notice of the claim necessary for pleading a claim under *Monell*. Accordingly, the motion to dismiss Count II is granted.

### *CONCLUSION*

For the reasons set forth above, defendant's motion to dismiss plaintiff's Title VII claim is denied and defendant's motion to dismiss plaintiff's Equal Protection claim is granted. Plaintiff is granted leave to file an amended complaint conforming to this opinion on or before March 14, 1997. Defendant shall answer or otherwise plead on or before

April 4, 1997. The status report set for February 20, 1997 is vacated and this case is set for a report on status on April 10, 1997 at 9:00 a.m.