**Sylvia Patricia LAND, Plaintiff,**

**v.**

**MIDWEST OFFICE TECHNOLOGY, INC., d/b/a Metro–Plex Information Systems, David Egly, and Kenenth Illig, Defendants.**

**No. 96–4115–SAC.**

United States District Court, D. Kansas.

Nov. 15, 2000.

Cheryl D. Myers, Michael B. Myers, Topeka, KS, for Plaintiff.

Julia Riggle McKee, C. Brooks Wood, Cheryl Blothe Linder, Morrison & Heckler L.L.P., Kansas City, MO, for Defendants.

## MEMORANDUM AND ORDER

CROW, Senior District Judge.

This case comes before the court on defendant Midwest Office Technology, Inc.'s consolidated motions in limine (Dk.162), as supplemented (Dk.174). The court will address the motions in the order in which they were raised by the defendants.

### I. *Evidence Which is Not Part of Plaintiff's Environment*

Defendant first seeks to preclude plaintiff from introducing any evidence of alleged conduct of Metroplex employees which conduct did not occur in plaintiff's work environment. Defendant is particularly interested in keeping out all evidence regarding allegedly sexually harassing acts of David Egly which occurred in Lenexa, instead of in Topeka where the plaintiff worked. Defendant presumes that the sole purpose of admitting such evidence would be to show the existence of a sexually harassing environment to the plaintiff.

In *Hicks v. Gates Rubber Co.*, 833 F.2d 1406, 1415–16 (10th Cir.1987), the Tenth

Circuit held that evidence of a general work atmosphere, including evidence of harassment of other women, may be considered in evaluating a claim. *See also Stahl v. Sun Microsystems, Inc.,* 19 F.3d 533, 538 (10th Cir.1994) ("incidents of sexual harassment directed at employees other than the plaintiff can be used as proof of the plaintiff's claim of a hostile work environment," quoting *Hicks,* 833 F.2d at 1415). Plaintiff has submitted an affidavit, (Dk.177), stating that while she was still employed by the defendant, she had knowledge of all but one of the acts which defendant now seeks to exclude.

■ Such contemporaneous knowledge is necessary, but not necessarily sufficient, for the admission of such evidence. The court does not agree with the plaintiff that either *Hirase–Doi v. U.S. West Communications, Inc.,* 61 F.3d 777 (10th Cir.1995) or *Hicks* or any other controlling case permits evidence of sexually harassing acts known to the plaintiff to be admitted for the purpose of proving plaintiff's sexually harassing atmosphere where, as here, such acts occurred at some location other than the plaintiff's office or work environment. Absent some showing that such geographically remote acts impacted plaintiff's work environment, evidence of sexual harassment directed at employees other than the plaintiff would be inadmissible for the purpose of proving that plaintiff was subjected to a sexually harassing atmosphere. Whether plaintiff can make the requisite showing must await trial.

The court notes that such evidence may be admissible for various other purposes. *See e.g., Turnbull v. Topeka State Hospital,* 185 F.R.D. 645, 649 (D.Kan.1999)(admissible to show the employer's knowledge of the employee's acts); *Curtis v. Oklahoma City Public Schools Bd. of Educ.,* 147 F.3d 1200, 1217 (10th Cir.1998)(admissible to show the employer's discriminatory intent under certain circumstances); *Beard v. Flying J. Inc.,* 116 F.Supp.2d 1077, 1095 (S.D.Iowa 2000) (admissible to

show "absence of mistake or accident," or knowledge under Rule 404(b)'s exception, and to show habit under Rule 406); *Garvey v. Dickinson College,* 763 F.Supp. 799, 801 (M.D.Pa.1991) (evidence that the defendant has made disparaging remarks about the class of persons to which plaintiff belongs may be introduced to show that the defendant harbors prejudice toward that group and if it were excluded, plaintiff would have no· means of proving that the defendant acted with discriminatory intent). Accordingly, the court takes this motion under advisement, and does not anticipate ruling on it prior to its proffer at time of trial, when the court can examine the purpose for which it is offered.

■ Defendant next requests that the court give collateral estoppel effect to Judge Saffels' decision in the Pauline White case.[1] The issue whether this plaintiff was subjected to a hostile work environment or outrage in the Topeka office is far from identical to the issue whether Pauline White was subjected to a hostile work environment in Lenexa. Defendant recognizes that identity of issues is one of the requirements for application of collateral estoppel. *See Matter of Lombard,* 739 F.2d 499, 502 (10th Cir.1984). Although the decision in White that the acts to which she was subjected did not amount to prohibited sexual harassment is obviously not subject to attack, nothing in that decision held that the alleged acts did not occur, or otherwise prevents this plaintiff from seeking to admit evidence of the acts which occurred there. No collateral estoppel effect can be given the White case.

■ Defendant additionally alleges that evidence of Egly's conduct in Lenexa should be inadmissible under Fed.R.Evid. 403, because its probative value is outweighed by its prejudicial effect. Defendant fails to note that the difficulties in proving discriminatory intent significantly

---

1. *White v. Midwest Office Technology, Inc.,* 5     F.Supp.2d 936 (D.Kan.1998).

heighten the probative value of statements revealing the employer's attitude toward the employee. *See Hunter v. Allis–Chalmers Corp.*, 797 F.2d 1417, 1423–24 (7th Cir.1986); *Mullen v. Princess Anne Volunteer Fire Co., Inc.*, 853 F.2d 1130, 1133 (4th Cir.1988) (explaining the high probative value of admitting racial slurs as evidence of racial animus "because of the inherent difficulty of proving state of mind"). Rule 403 determinations are generally made at time of trial because a court cannot fairly ascertain the potential relevance and prejudicial effect of the evidence until it has a full record relevant to the putatively objectionable evidence. Quite possibly, any prejudicial effect could be prevented by an appropriate limiting instruction, as is commonly used to obviate prejudice. The court finds no reason to depart from this practice here.

Defendant further asserts that the testimony of some of plaintiff's witnesses is incompetent. This too is a determination that is better left for time of trial, as the defendant concedes.

## II. *Evidence of Conduct Which Occurred in 1993 and Early 1994*

As the defendant notes, the court ruled on summary judgment that plaintiff's claim could be based upon conduct alleged to have occurred in 1993 and early 1994, in accordance with the continuing violation concept. Defendant now moves to exclude such evidence under Rule 403 and asks the court to reconsider its application of the continuing violation doctrine.

The court again reminds the defendant that Rule 403 determinations are most appropriately made at trial, and notes that limiting instructions are commonly used to explain the purposes for which the jury can consider such evidence.

To the extent the defendant's motion in limine is really a motion for reconsideration, it is denied because it is untimely and fails to meet any of the substantive requirements for such a motion. *See* D. Kan. Rule 7.3 (requiring motions for recon-

sideration to be based on one of three specific criteria.)

■ Even if plaintiff could not recover for incidents which occurred outside the statutory time limit, however, proof that the defendant engaged in sexually discriminatory practices prior to the period of time for which relief is available under the statute of limitations may be relevant for other purposes. *See e.g., Arlington Heights v. Metropolitan Housing Corp.*, 429 U.S. 252, 97 S.Ct. 555, 50 L.Ed.2d 450 (1977)(such evidence is relevant if it creates the inference that the discrimination continued, particularly when there has been little change in the decisionmaking process); *Baty v. Willamette Industries, Inc.*, 172 F.3d 1232, 1248 (10th Cir.1999)(permitting admission of evidence of acts occurring outside the statutory period to provide relevant background to later discriminatory acts or to show employer's notice) *Mathewson v. National Automatic Tool Co., Inc.*, 807 F.2d 87, 90 (7th Cir.1986) (time barred evidence may be used to prove a timely claim based on subsequent discriminatory conduct by an employer); *Conrad v. City of Chicago*, 954 F.Supp. 180 (N.D.Ill.1997) (time barred conduct may be admissible to prove discriminatory motive). Accordingly, this motion is denied.

## III. *Evidence of Olfactory Perception*

Defendant next seeks to exclude plaintiff's testimony regarding her alleged olfactory perception on April 19, 1995, because plaintiff has shown no foundation for admission of such evidence. This motion is denied. Plaintiff will be permitted to show the necessary foundation for any such testimony at trial. In the event she fails to do so, defendant may obviously object then.

## IV. *Plaintiff's Testimony of the April 19, 1995 Incident*

Defendant next seeks to exclude all testimony of the plaintiff relative to the inci-

dent alleged to have occurred on April 19, 1995, which incident formed a crucial part in this court's analysis of plaintiff's claims of both sexual harassment and outrage. Defendant asserts only that such testimony is speculative and conjectural. The court disagrees. Plaintiff is free to testify to what she saw, heard, smelled, or otherwise perceived on that date, and to testify to what she thinks she knows from her personal perception, *see* Advisory Committed Notes to Fed.R.Evid. 602. The defendant is free to attempt to impeach the plaintiff by all traditional means, and to provide evidence of other explanations for Egly's acts on April 19th. No basis for exclusion of plaintiff's testimony has been shown.

IT IS THEREFORE ORDERED THAT defendant's first motion in limine is taken under advisement, that defendant's second, third and fourth motions in limine are denied, and that defendant's motion for reconsideration, if any, is denied.