Antonio Castro **ALVAREZ** Plaintiff,

v.

**DELTA AIRLINES, INC. Defendant.**

**No. CIV. 01–1989(RLA).**

United States District Court,
D. Puerto Rico.

May 17, 2004.

242

Ericson Sánchez Preks, Esq., Aldarondo Girald Law Office, Laura Maldonado–Rodríguez, Esq., San Juan, PR, for Plaintiff.

Anita Montaner–Sevillano, Esq., Francisco Chevere, Esq., McConnell Valdes, San Juan, PR, for Defendant.

### ORDER DISMISSING TITLE · VII CLAIMS AS TIME BARRED AND DECLINING SUPPLEMENTAL JURISDICTION

ACOSTA, District Judge.

Plaintiff ANTONIO CASTRO ALVAREZ ("CASTRO") filed a complaint of sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. sec.2000e *et. seq.*, and supplemental claims under Puerto Rico Act No. 17 of April 22, 1988, 29 L.P.R.A. sec. 155a *et. seq.;* Puerto Rico Act No. 80 of May 30, 1976, 29 L.P.R.A.

sec. 185a *et. seq.;* and Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. sec. 5141 and 5142. CASTRO alleges that during his employment with the defendant, DELTA AIRLINES, INC. ("DELTA") he was sexually harassed by three male co-workers, who subjected him to a hostile work environment, and that he was discharged without just cause and in retaliation for complaining of said harassment.

DELTA filed a motion for summary judgment[1] requesting dismissal of plaintiff's Amended Complaint. DELTA argues, in essence, that plaintiff's sexual harassment and retaliation causes of action under federal law are time-barred, and that this Court should abstain from exercising its supplemental jurisdiction over the state-law causes of action.

## I. THE SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). *Santiago Clemente v. Executive Airlines,* 7 F.Supp.2d 114 (D.Puerto Rico 1998); *affirmed,* 213 F.3d 25 (1st Cir.2000).

■ Not every factual controversy bars access to summary judgment. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Hodgens v. General Dynamics Corporation,* 144 F.3d 151 (1st Cir.1998) (emphasis added); *Wadsworth, Inc. v. Schwarz–Nin,* 951 F.Supp. 314 (D.P.R. 1996); *Preussag Int'l Steel Corp. v. Interacero, Inc.,* 951 F.Supp. 338 (D.P.R.1997).

■ The U.S. Supreme Court, in one of its leading cases discussing the summary judgment standard, established that:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who *fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial.*

*Connell v. Bank of Boston,* 924 F.2d 1169, 1172 (1st Cir.1991) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)) (emphasis added). Under the *Celotex* doctrine, the movant may seek summary judgment based on the adverse party's failure to establish an element essential to its case and on which that party bears the burden of proof. The only requirement is that there be "adequate time for discovery."

■ This District Court has followed a well settled trend of endorsing summary judgment in employment discrimination cases when appropriate. *See e.g., Suarez v. Pueblo International, Inc.,* 67 F.Supp.2d 47 (D.Puerto Rico 1999); *Santiago Clemente v. Executive Airlines,* 7 F.Supp.2d 114 (D.Puerto Rico 1998). Likewise, the United States Court of Appeals for the First Circuit has endorsed the entry of summary judgment in cases of sex discrimination on the basis of sexual harassment in situations when the claim is time barred. *Landrau–Romero v. Banco Popular De Puerto Rico,* 212 F.3d 607 (1st Cir.2000); *Montes v. Cooperativa De Segu-*

---

1. *See* **docket No. 35**; *see also,* plaintiffs' opposition thereto (**docket Nos. 37, 38**); defendant's reply (**docket No. 39**); and plaintiff's sur-reply (**docket No. 41**).

*ros Multiples De Puerto Rico,* 169 F.Supp.2d 5 (D.P.R.2001); *Cardona v. Aramark Services of Puerto Rico,* 9 F.Supp.2d 92 (D.P.R.1998); *Rivera Cordero v. Autonomous Municipality of Ponce,* 182 F.Supp.2d 221 (D.P.R.2002).

## II. *FACTUAL BACKGROUND*

DELTA is an air cargo and passenger airline with operations in Carolina, Puerto Rico. Plaintiff ANTONIO CASTRO was employed by DELTA on April 4, 1979, until his suspension in November 12, 1998. He occupied various customer-service positions in the cargo division, the last one being in the cargo fax area.

According to CASTRO, in 1994 several of his co-workers started a pattern of sexual harassment against him, consisting of the following alleged events, which we hereby deem to be true pursuant to Rule 56 of the Federal Rules of Civil Procedure for the purpose of summary judgment only and specifically for consideration of the issue of timeliness.

A) From 1994 to 1997, Angel Nieves, plaintiff's co-worker, would on sporadic occasions make sexual approaches to him, such as inviting CASTRO for sexual "threesomes" between Nieves, CASTRO and another co-worker. CASTRO would react by screaming and telling Nieves to "go to hell" and to leave him alone; and Nieves would leave.

B) On four or five other occasions during the same time period, Nieves positioned himself physically close to CASTRO so as to make sexual contact with his genitals and/or CASTRO's buttocks. These incidents were sporadic and occurred between 1994 and July 1997.

C) Also during the same time period, Nieves would also make obscene expressions and use foul language against CASTRO and others at work.

D) CASTRO was also allegedly harassed by co-worker Roberto Soto. On occasions, Soto grabbed CASTRO by the shoulders and pressed his genitals against CASTRO's buttocks. Soto also used profane language in the presence of CASTRO and called him "homosexual". These acts occurred on four or five occasions between December 1996 and July 1997.

E) CASTRO was also allegedly sexually harassed by co-employee Aurelio Cabrera. On two occasions, Cabrera exposed his genitals to CASTRO and asked CASTRO for oral sex. This occurred one (or two) times between May 1995 and September 1996; and one time in September or October 1998 in the men's locker/rest rooms. Also, approximately 10 to 12 times, Cabrera grabbed CASTRO's buttocks when CASTRO bent over, or pressed his genitals against CASTRO's buttocks. These events occurred between May 1995 and November 1998.

F) Cabrera would also display and attach pornographic literature, pictures and posters on CASTRO's locker door at DELTA; or slip it through CASTRO's locker door. Cabrera would write "from Pepe with love." This happened between May 1995 and September 1996 on two or three occasions. Cabrera would tell CASTRO that he was doing this to get CASTRO in "heat".

G) During the same time period, Cabrera would also regularly use profane language at work with everyone, including CASTRO. To CASTRO, Cabrera would say: "When are you going to accept my invitation to go to the beach so we can have sex?"

CASTRO acknowledges that he always understood that the above-mentioned alleged behavior of Nieves, Soto and Cabrera towards him was sexual harassment. CASTRO alleges that since 1994, he com-

plained to his supervisors at DELTA of Nieves' sexual harassment against him. He would also threaten his supervisors that he would go to DELTA's executive and personnel offices in Atlanta to denounce the harassment because CASTRO understood that he was not supposed to tolerate this behavior at work.

Notwithstanding the above, CASTRO never complained to DELTA's personnel office or submitted any document or letter describing or denouncing to DELTA the alleged sexual harassment against him, nor did he file a charge or complaint before the EEOC deferral agency or this Court during these years.[2]

On November 12, 1999, CASTRO filed a Title VII charge of sexual harassment against DELTA with the Puerto Rico Department of Labor, Anti-discrimination Unit ("ADU") and the Equal Employment Opportunity Commission ("EEOC"). In the ADU/EEOC charge, CASTRO alleged that he had been sexually harassed while working at DELTA from 1994 up to the date of his suspension on November 18, 1998. CASTRO also alleged that his discharge was in retaliation for complaining of sexual harassment during his employment.

CASTRO filed this action on July 23, 2001. However, on February 16, 1999, he had filed a complaint against DELTA before the Puerto Rico Court of First Instance, San Juan Superior Court, under Puerto Rico Act No. 80 of 1976, 29 L.P.R.A. 185a. CASTRO alleged that he was discharged without just cause and requested a severance payment. In that Complaint, he did not allege either sexual harassment or retaliation.[3]

### III. SEXUAL HARASSMENT CLAIM UNDER TITLE VII

Title VII prohibits employers from discriminating in employment on the basis of several grounds, including sex. Under certain circumstances, sexual harassment can constitute a form of sex discrimination under Title VII. *See, e.g., Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 65–67, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986); *Harris v. Forklift Systems, Inc.,* 510 U.S. 17, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993); *Oncale v. Sundowner Offshore Services Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). Furthermore, the U.S. Supreme Court has recognized that "workplace sexual harassment is actionable as sex discrimination under Title VII where the harasser and

---

**2.** In fact, when on April 27, 1998, CASTRO made a written complaint to his supervisors regarding "harassment" at work, he described detailed work situations and incidents that he viewed as harassment against him; but none of the situations he described in his written complaint referred to sexual harassment. Furthermore, after CASTRO was suspended from employment on November 18, 1998, for alleged misappropriations from DELTA's cargo warehouse, he filed an internal appeal of his termination decision to DELTA's Atlanta personnel office. In the appeal, CASTRO defended himself from DELTA's conclusion that he had misappropriated merchandise from DELTA. In his appeal, CASTRO alleged that he was accused wrongly, and that it was a result of political discrim-

ination against him by his supervisors. However, he did not mention in the appeal any situation or incident of sexual harassment against him during his employment.

**3.** On November 10, 1999, Castro filed an Amended Complaint before the Puerto Rico Court of First Instance, in which he included allegations of sexual harassment, followed by a motion on November 24, 1999, seeking leave to amend the Complaint accordingly. Delta filed an opposition and Castro filed a reply to Delta's opposition. On February 3, 2000, the Puerto Rico Court of First Instance denied Castro's request to amend said Complaint to include sexual harassment allegations.

the harassed employee are of the same sex", so long as the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex. *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79–81, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998).

■ Generally, Title VII requires that an employment discrimination charge be filed with the Equal Employment Opportunity Commission (EEOC) within 180 days after the alleged unlawful employment practice occurred. *See*, 42 U.S.C. § 2000e–5(e)(1). However, in "deferral" jurisdictions such as Puerto Rico, where claims are considered by a state or local agency in addition to the EEOC, the time period to file a sexual discrimination claim based on sexual harassment is extended to no more than 300 days. *See, e.g., Landrau–Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 611–12 (1st Cir.2000).

Thus, if the incidents on which the alleged violations are based occurred more than 300 days prior to filing of the charge at the administrative agency, the claim is time-barred. *Rivera Cordero v. Autonomous Municipality of Ponce*, 182 F.Supp.2d 221 (D.P.R.2002). As such, "a plaintiff generally cannot litigate claims based on conduct falling outside that [300–day] period." *Rivera–Rodriguez v. Frito Lay*, 265 F.3d 15, 21 (1st Cir.2001).

■ Under certain narrow circumstances, a plaintiff can establish a "continuing violation" of Title VII, with the result that a more recent act of discrimination that is the subject of a timely charge can provide an "anchor" for consideration of earlier acts that would otherwise be time-barred. However, for the continuing violation doctrine to be applicable, at least one of the events must fall within the 300–day time period. *Cardona v. Aramark Ser-*

*vices of Puerto Rico*, 9 F.Supp.2d 92 (D.P.R.1998).

The purpose of the continuing violation exception is to permit a plaintiff to recover for harm caused by acts whose discriminatory character was not apparent at the time they occurred, in situations when "the victim of sexual harassment may need to wait out the offensive conduct to see if it persists or intensifies into an actionable level, then sue as soon as the harassment becomes sufficiently palpable that a reasonable person would realize she had a substantial claim under Title VII". *Hines. v. Sherwin–Williams*, 1999 WL 1267697 (N.D.Ill.1999), p. 5; *Landrau–Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607 (1st Cir.2000); *Risk v. Ford Motor Company*, 48 F.Supp.2d 1135 (S.D.Ind. 1999).

Thus, as the U.S. Supreme Court held recently, a series of discrete events—that is, acts of sexual harassment or other forms of discrimination under Title VII that are independent from one another and/or serious enough for a reasonable person to have been aware that he or she was being sexually harassed or discriminated against, do not constitute a continuing violation that would allow a claimant to reach back into time-barred events to establish an actionable claim of sexual harassment. *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Regarding discrete events, "a party must file a charge within either 180 or 300 days [as the case may be] of the act or lose the ability to recover for it." *Id.* at 110, 122 S.Ct. 2061.

In *National Railroad Passenger Corporation*, 536 U.S. 101, 104, 122 S.Ct. 2061, the U.S. Supreme Court also held that in hostile work environment cases, which like continuing violation cases, consist of repeated conduct that occurs over a series of

days or perhaps years and, in direct contrast to discrete acts, a single act of harassment may not be actionable on its own, the entire period of the hostile environment may be considered by a court for the purposes of determining liability so long as an act contributing to the claim occurs within the filing period".

■ In sum, to successfully allege continuing violation, serial violation or hostile work environment that is actionable under Title VII, the plaintiff must first "prove a timely act forming part of and exposing a pattern of actionable sexual harassment." *Provencher v. CVS Pharmacy*, 145 F.3d 5, 15 (1st Cir.1998) (emphasis added); *National Railroad Passenger Corporation v. Morgan*, 536 U.S. 101, 104, 122 S.Ct. 2061; *Joseph v. Wentworth Institute of Technology*, 120 F.Supp.2d 134 (D.Mass.2000). However, "[e]ven where a plaintiff alleges a violation within the appropriate statute of limitations period, the continuing violation claim will fail if the plaintiff was or should have been aware that [s]he was being unlawfully discriminated against while the earlier acts, now untimely, were taking place." 120 F.Supp.2d at 134; *Landrau v. BPPR*, 212 F.3d 607; *Sabree v. United Brotherhood of Carpenters & Joiners*, 921 F.2d 396, 401–02 (1st Cir.1990); *Cruz Montes v. Cooperativa De Seguros Multiples*, 169 F.Supp.2d 5, 12 (D.Puerto Rico 2001).

■ Regarding harassment claims in particular, be they sexual harassment or harassment based on any other protected category under Title VII, the courts have consistently held that the "continuing violation doctrine d[oes] not apply to toll the running of the 300–day limitation period for... [an] employee's filing of... [a] harassment claim based on alleged incidents of harassment occurring prior to 300 days before she filed Title VII claim, where incidents were of such serious character that any reasonable person in [the] employee's situation would have realized that she had a substantial claim under the law..." *Finnane v. Pentel of America, Ltd.*, 43 F.Supp.2d 891 (N.D.Ill.1999); *Landrau v. BPPR*, 212 F.3d 607; *Conrad v. City of Chicago*, 954 F.Supp. 180 (N.D.Ill.1997); *Minor v. Ivy Tech State College*, 174 F.3d 855 (7th Cir.1999). In that situation, the 300–day period to file a claim begins to run as soon as the harassing event takes place. *Conrad v. City of Chicago*, 954 F.Supp. at 182. Specifically, the court in *Conrad* held that "in deciding when a victim of sexual harassment must sue, the discovery doctrine applies: a suit is timely if it is brought 'as soon as the harassment becomes sufficiently palpable that a reasonable person would realize she had a substantial claim under Title VII'" (citing *Galloway v. General Motors*, 78 F.3d 1164, 1166 (7th Cir.1996)). *See also, Charmaine Dudley v. Metro–Dade County*, 989 F.Supp. 1192 (S.D.Fla.1997).

In this action, although CASTRO admitted that he always understood that the alleged behavior of Nieves, Soto and Cabrera towards him was sexual harassment, he never filed a formal sexual harassment complaint during his employment with DELTA. The only time that he filed an administrative claim of sexual harassment before the Anti–Discrimination Unit/ EEOC regarding these allegations dating back to 1994 was on November 12, 1999. Even assuming that the most recent event of sexual harassment took place on his last day of work at DELTA, which was on November 12, 1998, all of the alleged sexual harassment events of this action fall outside the required 300–day period for a timely filing of sexual harassment under Title VII, as discussed above. Clearly, when CASTRO filed his charge of sexual harassment before the Anti–Discrimination Unit on November 12, 1999, more than 300

days had elapsed since his last day of work. Therefore, his Title VII claim is time-barred.

Moreover, the facts of CASTRO's case do not meet the essential requirements under the continuing violation doctrine—first, he acknowledged that he knew since 1994 that each alleged action against him constituted sexual harassment; and secondly, all of the events in question took place prior to the 300–day statute of limitations, so there is not even a single event of alleged sexual harassment that would anchor plaintiff's claim within the 300–day period to file the instant claim under Title VII.

In his opposition to defendant's summary judgment motion, plaintiff argues that inasmuch as DELTA did not raise before the EEOC and/or the Anti–Discrimination Unit that plaintiff's claims are time-barred, DELTA waived said defense. We hold that plaintiff's argument is erroneous.

■ A court's review of an employment discrimination case after the conclusion of its administrative stage is *de novo*. *Kelliher v. Glickman*, 134 F.Supp.2d 1264 (M.D.Ala.2001); *Morris v. Rice*, 985 F.2d 143 (4th Cir.1993); *Cohen v. Austin*, 833 F.Supp. 512 (E.D.Pa.1993); *Hodgson v. Department of the Air Force*, 750 F.Supp. 1037 (D.Colo.1990), *aff'd*, 999 F.2d 547, 1993 WL 261873 (10th Cir.1993). Thus, it is irrelevant which defenses, if any, an employer raises at the administrative phase, as it is in its Answer to the Complaint filed before the court that a defendant must plead all its affirmative defenses or else the same are deemed waived. *McKinnon v. Kwong Wah Rest.*, 83 F.3d 498, 505 (1st Cir.1996); *Wolf v. Reliance Standard Life Insurance Co.*, 71 F.3d 444, 449 (1st Cir.1995); *Conjugal Partnership v. Conjugal Partnership*, 22 F.3d 391 (1st Cir.1994); *Knapp Shoes, Inc. v. Sylvania*

*Shoe Mfg. Corp.*, 15 F.3d 1222, 1226 (1st Cir.1994); *FDIC v. Ramirez–Rivera*, 869 F.2d 624 (1st Cir.1989). A review of the record reveals that DELTA raised among its affirmative defenses in its Answer to the Complaint, the issue that plaintiff's claims of sexual harassment and retaliation were time-barred. Thus, clearly, DELTA raised the defense in question in a timely fashion.

■ In his opposition to defendant's summary judgment motion, CASTRO also contends, alternatively, that his causes of action are subject to equitable tolling. However, it has been consistently held by the First Circuit Court that if an employee consults with or retains the services of an attorney prior to the expiration of the period to file a timely claim of employment discrimination, equitable tolling is inapplicable. *Kale v. Combined Ins. Co. of America*, 861 F.2d 746, 752 (1st Cir.1988); *Silva v. Universidad de Puerto Rico*, 834 F.Supp. 553, 555 (D.Puerto Rico 1993); *Cano v. United States Postal Service*, 755 F.2d 221, 223 (1st Cir.1985). *See also, Kelley v. NLRB*, 79 F.3d 1238, 1247 (1st Cir.1996); *Earnhardt v. Commonwealth of P.R.*, 691 F.2d 69, 71 (1st Cir.1982). In the instant case, CASTRO hired the services of an attorney regarding his claims within days after his employment suspension of November 12, 1998, which is also the latest date on which the alleged sexual harassment could have taken place. As such, equitable tolling does not apply inasmuch as plaintiff had constructive knowledge of the filing time-line and requirements applicable to his claim. Plaintiff's counsel's representation in this case began well within the 300–day period to file a sexual harassment claim and the 180–day period to file a retaliation claim under Title VII (See Part IV below). In light of all of the above, we hold that CASTRO's claim

of sexual harassment under Title VII is time barred.

## IV. *RETALIATION CLAIM*

 Regarding plaintiff's retaliation claim, the same is clearly time barred as well. The EEOC has not conferred the ADU in Puerto Rico with jurisdiction to hear claims for retaliation under section 704(a) of Title VII, 42 U.S.C. § 2000e–3(a), such as the one presented by CASTRO, which is an independent cause of action from his sexual harassment claims. *See* 29 C.F.R. § 1601.74. In such a case, a claimant will have **180 days**, not 300 days, from the alleged unlawful employment practice to file a charge of retaliation under Title VII with the EEOC. *Silva v. Universidad de Puerto Rico,* 817 F.Supp. 1000, 1004 (D.Puerto Rico 1993).

CASTRO also claims in his complaint that he was discharged in retaliation for having complained of sexual harassment. It is uncontested that CASTRO was suspended on November 12, 1998, and never went back to DELTA. Since he did not file his ADU/EEOC charge of sexual harassment and retaliation until November 12, 1999, a full year later, his cause of action for retaliation is also time barred under the applicable 180–day statute of limitations period.

## V. *SUPPLEMENTAL CLAIMS UNDER STATE LAW*

 Generally, this Court does not exercise its jurisdiction over supplemental state-law claims in cases where the federal-law claims are dismissed on summary judgment or otherwise before trial. *Sanchez v. Western Auto of Puerto Rico,* 68 F.Supp.2d 93, 104 (D.P.R.1999). Furthermore, pursuant to *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), the Younger abstention doctrine is applicable in this jurisdiction. *Brooks v. New Hampshire Supreme Court,* 80 F.3d 633 (1st Cir.1996); *Marcal Paper Mills, Inc. v. Ewing,* 790 F.2d 195 (1st Cir.1986). In this regard, we note that at the time that plaintiff filed this action there was an ongoing state judicial proceeding in the Puerto Rico Court of First Instance where CASTRO claimed that he was unjustly dismissed under Puerto Rico law, one of the state law causes of action he included in this federal case. In this proceeding, CASTRO attempted to amend the pleadings to include allegations of sexual harassment under Puerto Rico law (which he also included herein) but the court disallowed the proposed amendments. This Court will not allow CASTRO to have a second opportunity to accomplish what he has not been able to accomplish in the Puerto Rico Court of First Instance with jurisdiction to entertain his state-law claims of sexual harassment. Having dismissed the federal claims, we hereby decline to exercise supplemental jurisdiction over plaintiff's state-law claims.

## VI. *CONCLUSION*

In view of the aforementioned, defendant's motion for summary judgment is hereby **GRANTED**, and plaintiffs' claims under Title VII are **DISMISSED WITH PREJUDICE**. The supplemental claims are **DISMISSED WITHOUT PREJUDICE**. Judgment to issue.

IT IS SO ORDERED.

## *JUDGMENT*

The Court having dismissed plaintiffs' claims under Title VII and the supplemental claims through its order issued on this date; accordingly,

It is hereby ORDERED and ADJUDGED that plaintiffs' claims under Title VII be and the same are hereby DIS-

MISSED WITH PREJUDICE and the supplemental claims are hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED.